```
                                          FILED

1  Tammy Hussin, Esq. (Bar No. 155290)
2  Lemberg Law, LLC                      2014 JAN 27  PM 4: 27
   6404 Merlin Drive
3  Carlsbad, CA 92011                    CLERK U.S. DISTRICT COURT
                                         CENTRAL DIST. OF CALIF.
4  Telephone (855) 301-2100 ext. 5514         RIVERSIDE
   thussin@lemberglaw.com                BY:_____
5

6  Lemberg Law, LLC
   1100 Summer Street
7  Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9

10 Attorneys for Plaintiff,
   Anthony Rodriguez
11
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

**ED CV 14 - 00164 CBM (JCx)**

| | |
|---|---|
| Anthony Rodriguez, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET. SEQ;* |
| American InterContinental University; and DOES 1-10, inclusive, | **2. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200,** *ET. SEQ.* |
| Defendants. | **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Anthony Rodriguez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and violation of California Business & Professions Code § 17200, *et. seq.*("UCL").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Anthony Rodriguez (hereafter "Plaintiff"), is an adult individual residing in Upland, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, American InterContinental University ("American"), is an Illinois business entity with an address of 231 North Martingale Road, Schaumburg, Illinois 60173, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by American and whose identities are currently unknown to the Plaintiff.

One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. American at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, American placed calls Plaintiff's cellular telephone.

9. At all times referenced herein, American placed calls to Plaintiff's cellular telephone in an attempt to solicit to Plaintiff its services.

10. American placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

11. When Plaintiff answered the calls from American, he was met with a period of silence and had to hold the line to be connected to a live representative.

12. American regularly and systematically places telephone calls to consumers by using an automated telephone dialing system and by using an prerecorded or automated voice ("automated calls").

13. American obtains telephone numbers belonging to consumers who search the internet to obtain information regarding careers and college degree programs.

14. Plaintiff is unsure whether he provided his cellular telephone number while searching online for information about college degree programs; however, Plaintiff did not wish to be called by American.

15. When the calls began, Plaintiff informed American that he was not interested in its services and instructed American to cease calling him.

16. Nonetheless, American continued to place calls to Plaintiff's cellular telephone on a daily basis, sometimes several times per day.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. At all times referenced herein and within the last four years, American placed calls to Plaintiff on his cellular telephone by using an automated telephone dialer system and by using an artificial or prerecorded voice ("automated calls").

19. American's telephone dialing systems have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. The TCPA prohibits the use of a predictive dialer, defined as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. When a representative in not "free to take a call that has been placed by a predictive dialer, the

consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.

21. American's telephone dialing systems have all the earmarks of a predicative dialer, as Plaintiff experienced dead air and a period of silence prior to the call being transferred to a representative.

22. The telephone number called by American was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. The calls from American to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Plaintiff specifically requested that the calls stop. As such, American's automated calls were made without Plaintiff's consent and in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. American continued to barrage Plaintiff with automated calls knowing that it lacked consent to call and after Plaintiff's request that American stop calling.

26. American continued to call Plaintiff without his consent in knowing and/or willful violation of the TCPA, and as such each call is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

5     COMPLAINT FOR DAMAGES

# COUNT II
# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

30. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

31. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

32. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

34. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT III
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET. SEQ.*

35. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. American engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq.* ("UCL").

37. A business practice is "unlawful" if it violates an underlying state or federal statute or common law. American is in violation of the B&P Code by violating the TCPA.

38. By violating the TCPA and invading Plaintiff's right to be free from unwanted invasions, American caused injury to Plaintiff.

39. Based on a multitude of other litigation against American and a plethora of consumer complaints for unwanted calls, American engages in a systematic and regular practice of violating the TCPA, thereby repeatedly invading the privacy rights of many other California residents and causing injury to them all.

40. By engaging in this repeated conduct, American engages in unfair business practices in violation of the UCL, and should be enjoined by the Court from engaging in further violations of the TCPA for all residents of the state of California.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. An Order from the Court enjoining American from violating the TCPA and invading the privacy of all California residents;

D. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the UCL;

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1 | DATED: January 23, 2014
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TAMMY HUSSIN

By: _____
Tammy Hussin, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Anthony Rodriguez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Consuelo B. Marshall__ and the assigned Magistrate Judge is __Jacqueline Chooljian__.

The case number on all documents filed with the Court should read as follows:

**EDCV14-00164 CBM (JCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 27, 2014        By   L. Murray
Date                          Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---